UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CONNECTICUT FAIR HOUSING CENTER,<br>    *Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,<br>    *Defendant*. | No. 3:20-cv-1775 (VAB) |

**RULING AND ORDER ON MOTION FOR ATTORNEY'S FEES**

On November 25, 2020, the Connecticut Fair Housing Center ("Plaintiff") sued the United States Department of Housing and Urban Development ("HUD" or "Defendant") for release of records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, in relation to requested information regarding HUD's non-judicial foreclosure practices. *See* Compl., ECF No. 1 (Nov. 25, 2020).

Following voluntary settlement of this case, *see* Stipulation of Dismissal, ECF No. 21 (Apr. 11, 2022), Plaintiff has moved for attorney's fees and costs, *see* Pl.'s Mot. for Att'y's Fees and Costs, ECF No. 23 (Apr. 19, 2022); *see also* Mem. of Law in Supp. of Pl.'s Mot. for Att'y's Fees and Costs, ECF No. 23-1 (Apr. 19, 2022) ("Pl. Mot."). HUD has objected to this request. *See* Def.'s Opp'n to Pl.'s Mot. for Att'y's Fees and Costs, ECF No. 24 (May 10, 2022) ("Def. Obj.").

For the following reasons, the motion for attorney's fees and costs is **DENIED**.

1

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

On November 25, 2020, the Connecticut Fair Housing Center sued HUD to obtain the release of records responsive to a FOIA request dated June 30, 2020. *See* Compl., ECF No. 1 (Nov. 25, 2020).

On January 8, 2021, HUD filed an Answer, asserting affirmative defenses in response to the allegations in the Complaint. *See* Answer, ECF No. 9 (Jan. 8, 2021).

Approximately a year later, following several status reports to the Court, *see, e.g.*, Joint Status Report, ECF No. 13 (Nov. 19, 2021), the parties reported that HUD had provided all responsive information to the FOIA request, *see* Third Joint Status Report, ECF No. 17 (Feb. 11, 2022). In light of this information, the Court administratively closed the case, granting leave to the parties to submit a stipulation of dismissal or a move to reopen the case by March 11, 2022. *See* Order, ECF No. 18 (Feb. 13, 2022).

On April 12, 2022, following a motion for extension of time granted by the Court, *see* Order, ECF No. 20 (Mar. 14, 2022), the parties filed a joint stipulation of dismissal, *see* Stipulation of Dismissal, ECF No. 21 (Apr. 11, 2022). In accordance with the parties' stipulation, the Court dismissed the action with prejudice. *See* Order, ECF No. 22 (Apr. 12, 2022).

On April 19, 2022, Plaintiff filed a motion for attorney's fees and costs. *See* Pl. Mot. Defendant objected to this request. *See* Def. Obj.

On May 24, 2022, Plaintiff filed a reply in further support of its motion for fees and costs. *See* Pl.'s Reply to Obj. of Def. to Pl.'s Mot. for Att'y's Fees and Costs, ECF No. 25 (May 24, 2022).

On June 30, 2022, the Court held oral argument on the motion for attorney's fees and costs. *See* Min. Entry, ECF No. 29 (June 30, 2022).

## II. DISCUSSION

Under FOIA, the Court has authority to award reasonable attorney's fees and costs to parties who have "substantially prevailed" in litigation brought under that statute:

> The Court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed.

5 U.S.C. § 552(a)(4)(E).

A party has "substantially prevailed" for the purposes of awarding attorney's fees only after it has benefitted from a "judicially sanctioned change in the legal relationship of the parties." *Union of Needletrades, Indus. & Textile Emps. v. INS*, 336 F.3d 200, 207 (2d. Cir. 2003) (citing *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't. of Health & Hum. Res.*, 532 U.S. 598, 605 (2001)).

Following the Supreme Court's decision in *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598 (2001), and as held by the Second Circuit in *Union of Needletrades, Industrial and Textile Employees v. INS*, 336 F.3d 200 (2d Cir. 2003), "[a] plaintiff who benefits from a defendant's voluntary settlement in the absence of any judicial action is not eligible as a 'prevailing party' because 'a defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change' in the legal relationship between the parties." *Tarullo v. U.S. Dep't of Def.*, No. 3:02-CV-644 (EBB), 2007 WL 2727555, at *2 (D. Conn. Sept. 18, 2007) (citing *Buckhannon*, 532 U.S. at 605; *Needletrades*, 336 F.3d at 204–07).

Here, the Connecticut Fair Housing Center argues that it "substantially prevailed" where its lawsuit resulted in the eventual release of records and settlement of the case. *See* Pl. Mot. at

3

3–4. Such a theory of recovery, however, has been precluded by *Buckhannon* and *Needletrades*, where the Court played no role in the settlement of the case. *See Needletrades*, 336 F.3d at 206 (no entitlement to attorney fees under FOIA where parties "jointly reported that they had settled all of the substantive issues in the case" and where "the district court never granted any relief on the merits" nor "requested that the district court order a consent decree or endorse, or retain jurisdiction over, a settlement agreement" (internal quotation marks emphasis omitted)); *cf. Tarullo*, 2007 WL 2727555, at *2 (finding that "the Court's role in the parties' settlement discussions" in the form of a court-ordered settlement conference "was insufficient to create the required judicially sanctioned change in the legal relationship between the parties" to award attorney fees for FOIA violation post-*Needletrades*). As a result, the Court cannot find that Plaintiff is entitled to attorney's fees and costs under FOIA.[1] *See Kahn v. Comm'r of Internal Revenue*, No. 03-CV-6196 (GBD), 2005 WL 1123733, at *1–*2 (S.D.N.Y. May 11, 2005) (rejecting motion for attorney's fees under FOIA where "Plaintiff's motion is premised on a catalyst theory, *i.e.*, but for the commencement of this litigation, he would not have received any records responsive to his request," in light of *Buckhannon* and *Needletrades*); *cf. Lamberty v. Conn. State Police Union*, No. 3:15-CV-378 (VAB), 2019 WL 4233502, at *9 (D. Conn. Sept. 6, 2019) (denying motion for attorney's fees due to the lack of an "enforceable judgment on the merits or court-ordered consent decree" (citing *Buckhannon*, 532 U.S. at 604)), *aff'd*, 2022 WL 319841 (2d Cir. Feb. 3, 2022) (summary order).

Accordingly, the motion for attorney's fees and costs will be denied.

---

[1] The Court further notes that Plaintiff also likely lacks a basis to obtain attorney's costs and fees where, in contrast to the plaintiff in *Needletrades*, the Connecticut Fair Housing Center has not argued that it expressly reserved its ability to pursue attorney's fees post-settlement or otherwise moved to reopen this case, which has been administratively closed. *Cf. Needletrades*, 336 F.3d at 206 ("After the parties worked through various disagreements concerning the remaining redacted and allegedly privileged documents, they jointly reported that they had settled all of the substantive issues in the case" and that the only remaining issue was "whether [plaintiff] was entitled to attorney's fees" (internal quotation marks omitted)).

### III.    CONCLUSION

For the reasons explained above, the motion for attorney's fees and costs is **DENIED**.

**SO ORDERED** at Bridgeport, Connecticut, this 1st day of July, 2022.

/s/ Victor A. Bolden<br>Victor A. Bolden<br>United States District Judge